UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ESTATE OF JERAD M. TRAYLOR, by LISA M. PARRISH, as Personal Representative of the Estate, and on behalf of the Survivors,<br>    Plaintiff,<br><br>  vs.<br><br>TAZEWELL COUNTY, TAZEWELL COUNTY SHERIFF ROBERT M. HUSTON, CORRECT CARE SOLUTIONS, LLC, JESSICA FLYNN, HANNAH WILLIAMSON, DR. FATOKI, CHRIS BARNHILL, SARA VONDERHEIDE and DAVID HARPER,JUSTIN HAMMERS, et. al,<br>    Defendants. | Case No. 18-1309 |

ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for consideration of Plaintiff Estate of Jerad M. Traylor's Unopposed Motion for a Finding of Good Faith Settlement. [81].

"To evaluate whether a settlement was made in good faith, a court may consider: (1) 'whether the amount paid by the settling tortfeasor was within a reasonable range of the settlor's fair share;' (2) 'whether there was a close personal relationship between the settling parties;' (3) 'whether the plaintiff sued the settlor;' and (4) 'whether a calculated effort was made to conceal information about the circumstances surrounding the settlement agreement.'" *Sachs v. Reef Aquaria Design, Inc.*, 2008 WL 780633, at *3 (N.D.Ill. March 20, 2008), *quoting Wreglesworth v. Arctco, Inc.*, 740 N.E.2d 444, 449 (Ill.App.Ct.

2000). "No single factor is seen as determinative "and Illinois courts have consistently held "it is unnecessary for a trial court to conduct separate evidentiary hearings, decide the merits of the tort case, or rule on the relative liabilities of the parties before making a good faith determination." *Sachs,* 2008 WL 780633, at *3 (internal citations omitted).

    The Court finds the agreement between Plaintiff and the County Defendants is supported by adequate consideration given the litigation risks to both sides, the available damages, and the attorney's fees and costs if the case were to proceed. In addition, there is no personal relationship between the parties and the settlement is reasonable.

    Plaintiff's claims against the County Defendants will be dismissed pursuant to the agreement. However, the matter will proceed with surviving claims against the Wellpath Defendants.

    The Court therefore GRANTS the unopposed motion [81] and finds the settlement agreement between the Plaintiff, the Estate of Jerad M. Traylor by Lisa M. Parrish as Personal Representative of the Estate and on behalf of the Survivors, and the County Defendants, Tazewell County and Tazewell County Sheriff, was made in good faith. In addition, the Court finds the non-settling Wellpath Defendants are entitled to a setoff in the amount of the settlement reached by the settling parties against any judgment for compensatory damages awarded later against the Wellpath Defendants in this case.

Entered this 2nd day of December, 2020.

s/ James E. Shadid

_____

JAMES E. SHADID
UNITED STATES DISTRICT JUDGE
